

Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print   GrantedPublicAccess  Logoff BETHBOGGS67

**20SL-CC00477 - DEBORAH BARROW V WAL-MART STORES EAST I, LP (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending   Display Options: All Entries

---

**03/05/2020** ☐ **Agent Served**
Document ID - 20-SMCC-1851; Served To - WAL-MART STORES EAST I, LP; Server - CT CORP; Served Date - 05-MAR-20; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

**03/02/2020** ☐ **Judge Assigned**
CAUSE REASSIGNED TO JUDGE JASON D DODSON, FOR HEARING AND DETERMINATION EFFECTIVE MARCH 2, 2020 PER ADMINISTRATIVE ORDER

**02/27/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-1851, for WAL-MART STORES EAST I, LP. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**02/21/2020** ☐ **Summ Req-Circuit Pers Serv**
Summons Request.
   **Filed By:** BRYAN JOSEPH SANGER

**01/27/2020** ☐ **Petition:**
Petition for Damages signed by Attorney.
   **Filed By:** BRYAN JOSEPH SANGER
   **On Behalf Of:** DEBORAH BARROW

☐ **Judge/Clerk - Note**
NO SUMMONS ISSUED DUE TO MISSING ATTORNEY'S SIGNATURE ON THE PETITION FILED. YOUR PETITION MUST BE SIGNED WITH A PHYSICAL SIGNATURE OR AN ELECTRONIC SIGNATURE. E-FILE AN AMENDED PETITION INCLUDING THE ATTORNEY'S PHYSICAL OR ELECTRONIC SIGNATURE SO THE SUMMONS CAN BE ISSUED. EXAMPLE OF A CORRECT ELECTRONIC SIGNATURE SHOWN BELOW. - /S/ (ATTY'S NAME)

**01/16/2020** ☐ **Filing Info Sheet eFiling**
   **Filed By:** BRYAN JOSEPH SANGER

☐ **Pet Filed in Circuit Ct**
Petition.
   **On Behalf Of:** DEBORAH BARROW

☐ **Judge Assigned**
DIV 2

**20SL-CC00477**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| DEBORAH BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Division No. |
| WAL-MART STORES EAST I, LP ) | |
| ) | |
| SERVE: Registered Agent ) | |
|     CT Corporation System ) | Personal Injury |
|     120 South Central Ave. ) | In Excess of $25,000.00 |
|     Clayton, MO 63105 ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Deborah Barrow, by and through her attorneys, Mandel, Mandel, Marsh, Sudekum & Sanger, and for her cause of action against Defendant Wal-Mart Stores East I, LP, states as follows:

1. That Plaintiff Deborah Barrow (hereinafter "Plaintiff") is a resident and citizen of the state of Missouri.

2. That at all material times herein, Defendant Wal-Mart Stores East I, LP (hereinafter "Defendant"), is a Delaware corporation, duly authorized and existing under law to do business in the State of Missouri.

3. At all times relevant hereto, Defendant owned, managed, maintained, and operated the retail store facility located at 11900 St. Charles Rock Rd, Bridgeton, MO 63044, Missouri, Store #1188, wherein Plaintiff Deborah Barrow slipped and was severely injured.

1

3. Jurisdiction and venue are proper in this Court pursuant to R.S.Mo. §508.010.4, as the negligent acts of the Defendant complained of herein occurred at said property in St. Louis County, State of Missouri.

4. That on or about June 16, 2019, the Plaintiff was a business invitee, lawfully on Defendant's premises to shop at its store located thereon. Said premises are located at 11900 St. Charles Rock Rd, Bridgeton, MO 63044, Missouri, Store #1188.

5. That at all material times, Defendant by and through its agents, servants or employees owned, maintained and operated the property located at 11900 St. Charles Rock Rd, Bridgeton, MO 63044, Missouri, Store #1188.

6. That at all times mentioned herein, Defendant, acting through its agents and employees, owed a duty to use ordinary care so as not to cause harm to those on the premises.

7. That on said date Plaintiff was a business invitee inside the aforementioned Wal-Mart retail store, when she was caused to slip on wet flooring in the store entrance vestibule, due to the negligence and carelessness of Defendant.

8. That the wetness on the vestibule floor that was permitted to exist and created an dangerous and defective condition, and as a result the premises were not reasonably safe.

9. That Plaintiff's fall and resulting injuries were caused by the carelessness and negligence of Defendant and/or its employees, agents and/ or servants in one or more of the following particulars:

    (a) Defendant, by and through its agents, servants and employees, knew or had actual or constructive knowledge of the dangerous and foreseeable condition created by water on said floor of the aforesaid premises; and

    (b) Defendant, by and through its agents, servants and employees,

Electronically Filed - St Louis County - January 16, 2020 - 10:15 AM

Electronically Filed - St Louis County - January 16, 2020 - 10:15 AM

failed to inspect said area and/or discover said dangerous defective condition; and

(c) Defendant, by and through its agent's servants and employees, failed to barricade said dangerous defective condition and/or warn the public and particularly Plaintiff of said dangerous defective condition; and

(d) Defendant knew or should have known that the water on the floor created a dangerous condition and thereby created a reasonable risk of injury to persons such as Plaintiff; and

(e) Defendant, by and through its agents, servants and employees, failed to use ordinary care to make the area reasonably safe; remove and/or otherwise remedy said dangerous defective condition; and

(f) Defendant, by and through its agents, servants and employees, failed to follow policies and procedures to prevent or remediate the dangerous defective condition;

(g) Defendant, by and through its agents, servants and employees, failed to properly train and/or supervise employees;

(h) Other matters of negligence to be documented throughout discovery and established at trial.

10. That as a direct and proximate result of one or more of the aforementioned acts of negligence by the Defendant, Plaintiff slipped and fell and was injured.

11. That as a direct and proximate result of the aforesaid negligence and carelessness of Defendant, and or its employees, agents, and/or servants of the Defendant, Plaintiff was caused to sustain injuries to her left hip requiring a hip replacement, and

3

injuries to her head, neck, back, and other parts of her body, and the bones, joints, muscles, tendons, tissues, nerves, membranes, ligaments, and skin and parts thereof were seriously bruised, contused, sprained, strained, and made painful. That Plaintiff's ability to work, labor, and enjoy life has been and will be impaired. Plaintiff's injuries are serious, painful and disabling, and will continue to be so in the future.

WHEREFORE, Plaintiff, Deborah Barrow, prays for judgment against Defendant Wal-Mart Stores I, LP, in a fair and reasonable amount, in excess of $25,000.00 (Twenty-Five Thousand Dollars); costs expended herein, and any other relief this Court deems just and proper.

Respectfully Submitted,

**MANDEL, MANDEL,
MARSH, SUDEKUM & SANGER**

By: ___Bryan J. Sanger___
BRYAN J. SANGER, #60210
1010 Market Street, Eighth Floor
Saint Louis, Missouri 63101
(314) 621-1701 (Telephone)
(314) 621-4800 (Facsimile)
bryan@mandelmandel.com
*Counsel for Plaintiff*

Electronically Filed - St Louis County - January 27, 2020 - 10:12 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| DEBORAH BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Division No. |
| WAL-MART STORES EAST I, LP ) | |
| ) | |
| SERVE: Registered Agent ) | |
|     CT Corporation System ) | |
|     120 South Central Ave. ) | Personal Injury |
|     Clayton, MO 63105 ) | In Excess of $25,000.00 |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Deborah Barrow, by and through her attorneys, Mandel, Mandel, Marsh, Sudekum & Sanger, and for her cause of action against Defendant Wal-Mart Stores East I, LP, states as follows:

1. That Plaintiff Deborah Barrow (hereinafter "Plaintiff") is a resident and citizen of the state of Missouri.

2. That at all material times herein, Defendant Wal-Mart Stores East I, LP (hereinafter "Defendant"), is a Delaware corporation, duly authorized and existing under law to do business in the State of Missouri.

3. At all times relevant hereto, Defendant owned, managed, maintained, and operated the retail store facility located at 11900 St. Charles Rock Rd, Bridgeton, MO 63044, Missouri, Store #1188, wherein Plaintiff Deborah Barrow slipped and was severely injured.

1

Electronically Filed - St Louis County - January 27, 2020 - 10:12 AM

3. Jurisdiction and venue are proper in this Court pursuant to R.S.Mo. §508.010.4, as the negligent acts of the Defendant complained of herein occurred at said property in St. Louis County, State of Missouri.

4. That on or about June 16, 2019, the Plaintiff was a business invitee, lawfully on Defendant's premises to shop at its store located thereon. Said premises are located at 11900 St. Charles Rock Rd, Bridgeton, MO 63044, Missouri, Store #1188.

5. That at all material times, Defendant by and through its agents, servants or employees owned, maintained and operated the property located at 11900 St. Charles Rock Rd, Bridgeton, MO 63044, Missouri, Store #1188.

6. That at all times mentioned herein, Defendant, acting through its agents and employees, owed a duty to use ordinary care so as not to cause harm to those on the premises.

7. That on said date Plaintiff was a business invitee inside the aforementioned Wal-Mart retail store, when she was caused to slip on wet flooring in the store entrance vestibule, due to the negligence and carelessness of Defendant.

8. That the wetness on the vestibule floor that was permitted to exist and created an dangerous and defective condition, and as a result the premises were not reasonably safe.

9. That Plaintiff's fall and resulting injuries were caused by the carelessness and negligence of Defendant and/or its employees, agents and/ or servants in one or more of the following particulars:

    (a) Defendant, by and through its agents, servants and employees, knew or had actual or constructive knowledge of the dangerous and foreseeable condition created by water on said floor of the aforesaid premises; and

    (b) Defendant, by and through its agents, servants and employees,

Electronically Filed - St Louis County - January 27, 2020 - 10:12 AM

failed to inspect said area and/or discover said dangerous defective condition; and

(c) Defendant, by and through its agent's servants and employees, failed to barricade said dangerous defective condition and/or warn the public and particularly Plaintiff of said dangerous defective condition; and

(d) Defendant knew or should have known that the water on the floor created a dangerous condition and thereby created a reasonable risk of injury to persons such as Plaintiff; and

(e) Defendant, by and through its agents, servants and employees, failed to use ordinary care to make the area reasonably safe; remove and/or otherwise remedy said dangerous defective condition; and

(f) Defendant, by and through its agents, servants and employees, failed to follow policies and procedures to prevent or remediate the dangerous defective condition;

(g) Defendant, by and through its agents, servants and employees, failed to properly train and/or supervise employees;

(h) Other matters of negligence to be documented throughout discovery and established at trial.

10. That as a direct and proximate result of one or more of the aforementioned acts of negligence by the Defendant, Plaintiff slipped and fell and was injured.

11. That as a direct and proximate result of the aforesaid negligence and carelessness of Defendant, and or its employees, agents, and/or servants of the Defendant, Plaintiff was caused to sustain injuries to her left hip requiring a hip replacement, and

3

Electronically Filed - St Louis County - January 27, 2020 - 10:12 AM

injuries to her head, neck, back, and other parts of her body, and the bones, joints, muscles, tendons, tissues, nerves, membranes, ligaments, and skin and parts thereof were seriously bruised, contused, sprained, strained, and made painful. That Plaintiff's ability to work, labor, and enjoy life has been and will be impaired. Plaintiff's injuries are serious, painful and disabling, and will continue to be so in the future.

WHEREFORE, Plaintiff, Deborah Barrow, prays for judgment against Defendant Wal-Mart Stores I, LP, in a fair and reasonable amount, in excess of $25,000.00 (Twenty-Five Thousand Dollars); costs expended herein, and any other relief this Court deems just and proper.

Respectfully Submitted,

**MANDEL, MANDEL,
MARSH, SUDEKUM & SANGER**

By: /s/ Bryan J. Sanger
BRYAN J. SANGER, #60210
1010 Market Street, Eighth Floor
Saint Louis, Missouri 63101
(314) 621-1701 (Telephone)
(314) 621-4800 (Facsimile)
bryan@mandelmandel.com
*Counsel for Plaintiff*

Electronically Filed - St Louis County - February 21, 2020 - 01:00 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| DEBORAH BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 20SL-CC00477 |
| vs. ) | |
| ) | Division No. 2 |
| WAL-MART STORES EAST I, LP ) | |
| ) | |
| Defendant. ) | |

### REQUEST FOR SUMMONS

Plaintiff requests Summons to be issued upon <u>Defendant Wal-Mart Stores East I, LP</u>:

SERVE:   Registered Agent
               CT Corporation System
               120 South Central Ave.
               Clayton, MO  63105

Respectfully submitted,

MANDEL, MANDEL, MARSH, SUDEKUM & SANGER

         /s/ Bryan J. Sanger
Bryan J. Sanger, #60210
1010 Market Street, Suite 850
St. Louis, MO 63101
PH: 314-621-1701
FX: 314-621-4800
bryan@mandelmandel.com

SO ORDERED:

_____



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>RICHARD M STEWART | Case Number: 20SL-CC00477 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DEBORAH BARROW<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN JOSEPH SANGER<br>1010 MARKET STREET<br>SUITE 850<br>ST. LOUIS, MO  63101 | SHERIFF FEE PAID |
| Defendant/Respondent:<br>WAL-MART STORES EAST I, LP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: **WAL-MART STORES EAST I, LP**
Alias:
120 SOUTH CENTRAL AVE
CT CORPORATION SYSTEM
CLAYTON, MO  63105

**COURT SEAL OF**



**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

27-FEB-2020
Date                                                                                                    _____ Clerk

**Further Information:**
LG

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                   _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
   (Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____         _____
                            Date                         Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-1851**   4   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

*Return*   JB 3/28

 IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>RICHARD M STEWART | Case Number: 20SL-CC00477 |
|---|---|
| Plaintiff/Petitioner:<br>DEBORAH BARROW | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN JOSEPH SANGER<br>1010 MARKET STREET<br>SUITE 850<br>ST. LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent:<br>WAL-MART STORES EAST I, LP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

 FILED MAR 10 2020  SHERIFF FEE  JOAN M. GILMER  CIRCUIT CLERK, ST. LOUIS COUNTY  (Date File Stamp)

## Summons in Civil Case

The State of Missouri to: WAL-MART STORES EAST I, LP
  Alias: 30 CTCOR

120 SOUTH CENTRAL AVE
CT CORPORATION SYSTEM
CLAYTON, MO  63105



**COURT SEAL OF**
**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

27-FEB-2020
Date

Further Information:
LG

_____ Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
**LCW – A. BRANDON** (name) **INTAKE SPECIALIST** (title).
☐ other _____

Served at **CT CORPORATION** (address)
in **St. Louis County** (County/City of St. Louis), MO, on **MAR 05 2020** (date) at **9 AM** (time).

Tiffany Mooney            _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
  Subscribed and sworn to before me on _____ (date).
(Seal)
  My commission expires: _____      _____
                              Date                Notary Public

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 20-SMCC-1851    1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                         54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

3/3JB